[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Albert Coston appeals the sentence imposed by the trial court after Coston pleaded guilty to one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1). See R.C.2953.08(A). The trial court imposed a twelve-month prison term, the maximum term of imprisonment for the commission of a fifth-degree felony.
 {¶ 3} Coston's first assignment of error, in which he contends that the trial court erred "in finding that [he] had no genuine remorse," is overruled. At the sentencing hearing, Coston's trial counsel sought leniency, noting that Coston was only a middleman in the cocaine trafficking scheme, that he was addicted to drugs, and that Coston's mother had recently suffered a heart attack. When Coston was given the opportunity to address the court in his own behalf, his sole statement was, "Just that, everything that he said." A sentencing court is to consider whether the offender shows genuine remorse for the offense as an indicator of whether the offender is likely to commit future crimes. See R.C. 2929.12(D)(5) and (E)(5). Based upon Coston's response to the trial court, we cannot "clearly and convincingly" conclude that its finding, on the felony-sentencing checklist, that Coston lacked genuine remorse was not supported by the record. See R.C. 2953.08(G)(2); see, also, State v.Ryan, 1st Dist. No. C-020283, 2003-Ohio-1188. The first assignment of error is overruled.
 {¶ 4} Coston next asserts that the trial court erred in imposing the maximum term of imprisonment where its finding that Coston posed the greatest likelihood of committing crime in the future was contrary to law. After first making the findings required to impose a prison term for a fifth-degree felony, see R.C. 2929.13(B)(1)(g), and to impose more than the minimum term of imprisonment, see R.C. 2929.14(B)(2), the trial court found that Coston posed the greatest likelihood of recidivism. See R.C.2929.14(C); see, also, State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 26. Coston contends that the reason the trial court gave to support its finding, that Coston had a history of twenty-three prior convictions, including aggravated robbery, drug abuse, criminal trespass, domestic violence, aggravated assault, and theft, and had a failed previous probation, was insufficient to support the term imposed. We disagree. See R.C. 2929.19(B)(2); see, also, Statev. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131. The second assignment of error is overruled.
 {¶ 5} Therefore, the judgment of the trial court is affirmed.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman and Winkler, JJ.